IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFRED STEVENS,** | : | **CIVIL NO. 1:CV-04-0065** |
| Petitioner | : | |
| | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Mannion)** |
| | : | |
| **WARDEN S.A. YATES,** | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM AND ORDER**

Before the court is a March 16, 2005, report of the magistrate judge in which he recommends dismissal of a petition filed pursuant to 28 U.S.C. § 2241. A prior report by the magistrate judge, filed November 18, 2004, also recommended dismissal of the petition; however, in Petitioner's objections to the November 18, 2004 report and recommendation, this court found that Petitioner raised a new claim of "retroactivity" of a Bureau of Prison's policy to him. The court remanded the case to the magistrate judge to address this issue. The magistrate judge has concluded that the retroactivity issue is without merit. Petitioner has filed objections to the March 16, 2005 report and recommendation and the matter is ripe for disposition.

Petitioner objects to the fact that the report and recommendation was filed before he had an opportunity to file a reply to the respondent's response. He has, however, set forth his arguments in his objections to the report and recommendation which this court has reviewed and he, therefore, has suffered no prejudice.

Petitioner also claims that the magistrate judge failed to address his retroactivity claim. The magistrate judge has addressed this claim in the report and recommendation beginning at page 3.

The balance of Petitioner's objections are a reiteration of his initial arguments concerning the alleged retroactivity of the Bureau of Prison policy – Program Statement 5330.10; Drug Abuse Programs Manual, Inmate, Chapter 6, Section 6.1.3. He claims this policy was used to revoke his § 3621(e) eligibility.[1] As Respondent notes in his brief in response to the retroactivity issue, there has been no substantive change in Program Statement 5330.10. (Resp. Br., doc. 21, at pp. 3-4.)

At the same time Petitioner raises the retroactivity issue of Program Statement 5330.10, he claims that Section 6.5.2 of Program Statement 5330.10 does not apply to him and that the revocation of his one-year sentence reduction was improper. Section 6.5.2 sets forth prohibited acts by which an inmate can lose the provisional early release. Petitioner claims this section does not apply to him because he has successfully completed the treatment program before committing a prohibited act. Petitioner offers no support for this position. Section 6.5.2, whatever version, contemplates that an inmate will lose his provisional approval for a one-year sentence reduction if found by the Disciplinary Hearing Officer to have threatened violence against a staff member.

---

[1] This eligibility is for a one-year sentence reduction for the successful completion of a drug treatment program.

**IT IS THEREFORE ORDERED THAT**:

1) The court adopts the reports and recommendation of November 18, 2004 and March 16, 2005 of Magistrate Judge Mannion.

2) The Clerk of Court shall close the file.

s/Sylvia H. Rambo<br>SYLVIA H. RAMBO<br>United States District Judge

Dated:  May 2, 2005.